UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Radley Bradford, individually and of behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Providence at Champions Apartments LLC and Entrata, Inc.,<br><br>Defendants. | Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Radley Bradford (hereinafter, "Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint (the "Complaint") against defendant Providence at Champions Apartments LLC ("Providence") and Entrata, Inc. ("Entrata") (hereinafter collectively referred to as the "Defendants"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

**INTRODUCTION**

1.  Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants, in negligently and willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA") and related regulations, thereby invading Plaintiff's privacy. Plaintiff seeks relief specifically for claims brought under the TCPA's related regulations under the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c) as well as the Internal Do-Not-Call provisions of 47 C.F.R. § 64.1200(d)(3) and (6).

## PARTIES

2. At all relevant times mentioned herein, Plaintiff was a citizen of the State of Texas. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

3. Upon information and belief, Providence is, and at all times relevant to this Complaint was, a foreign limited liability company organized in the State of Delaware and located at 1431 E. McKinney Street, Denton, Texas.

4. Plaintiff alleges that at all times relevant to this Complaint, Providence conducted business in the State of Texas and in the County of Denton within this judicial district.

5. Providence is and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(10).

6. Upon information and belief, Entrata is, and at all times relevant to this Complaint was, a foreign corporation formed in the State of Utah.

7. Plaintiff alleges that at all times relevant to this Complaint, Entrata conducted business in the State of Texas and in the County of Denton within this judicial district.

8. Entrata is and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(10).

9. Whenever in this Complaint it is alleged that Providence committed any act or omission, it is meant that the Providence's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Providence or was done in the routine normal course and scope of employment of the Providence's officers, directors, vice-principals, agents, servants, or employees.

10. Whenever in this Complaint it is alleged that Entrata committed any act or omission, it is meant that the Entrata's officers, directors, vice-principals, agents, servants, or

employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Entrata or was done in the routine normal course and scope of employment of the Entrata's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

11. Because this action arises under a federal statute, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

12. The Court has personal jurisdiction over Providence because its principal place of business is located in Texas.

13. The Court has personal jurisdiction over Entrata because: (i) it owns property in the State of Texas; (ii) it conducts significant business in this District; and (iii) the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## LEGAL BASIS FOR THE CLAIMS

15. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

16. Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.

17. The TCPA also specifies several technical requirements for fax machines, autodialers, and voice messaging systems – principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

18. In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines. The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption.

19. Therefore, all pre-recorded telemarketing calls to residential lines and all pre-recorded calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

20. As of October 16, 2013, unless the recipient has given prior express written consent,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

4

> or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

21. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

22. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

23. With respect to misdialed or wrong-number calls, the FCC clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.* Thus, any second call placed to a wrong number violates the TCPA.Sda

5

24. The TCPA also established the National Do-Not-Call Registry, as well as the requirement that all businesses that place calls for marketing purposes maintain an "internal" Do-Not-Call list ("IDNC list"). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id*. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. *Id*. at § 64.1200(d)(3), (6). Any company, or someone on the company's behalf, who calls a member of the company IDNC violates the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

## FACTUAL ALLEGATIONS

25. Entrata owns and manages the property and apartment complex known as Providence at Champions located at 5100 Farm to Market 1960 Rd W Houston, TX 77069 ("Building").

26. Upon information and belief, Providence operates the Building.

27. In Defendants' overzealous attempt to advertise rental opportunies at the Building, Defendants knowingly and willfully transmit (and continue to transmit) unsolicited telemarketing text messages without the prior express written consent of the call recipients.

28. As such, Defendants have patently violated (and continue to violate) the National Do-Not-Call provision of 47 C.F.R § 64.1200(c).

29. Through its methods, Defendants have also invaded the personal privacy of Plaintiff and members of the Classes (as defined below).

30. Defendant's unsolicited telemarketing text messages also disturbed the solitude of Plaintiff and members of the Classes (as defined below).

6

31. Upon information and belief, Defendants have intentionally and repeatedly violated the TCPA, and will continue to do so in violation of Plaintiff's and the Class members rights absent judicial relief and legal redress.

## **FACTUAL ALLEGATIONS AS TO THE PLAINTIFF**

32. At all times relevant to this Complaint, Plaintiff was assigned, and was the owner of, a cellular telephone number ending in - 0784 ("Cell Phone").

33. Plaintiff, *himself*, registered his Cell Phone with the National Do Not Call Registry since July 31, 2023.

34. Nevertheless, Defendants inundated Plaintiff with illegal text messages.

35. Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendants are required to check the National Do Not Call Registry before attempting to transmit a telephone solicitation to the telephone number of any subscriber included in the National Do Not Call Registry.

36. Despite its obligations, Defendants transmitted numerous unlawful solicitation text messages to Plaintiff on his Cell Phone.

37. Specifically, Defendants sent *multiple* text messages to Plaintiff on his Cell Phone beginning in March of 2024 from a 281-638-8406 phone number.

38. Such text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote apartment availability at the Building.

39. Plaintiff did not provide Defendants with his Cell at any point in time, nor did he give permission for Defendants to message it.

40. Plaintiff did **not** have an established business relationship with Defendants during the time of the telephone solicitations from Defendants.

41. Plaintiff did **not** have a personal relationship with Defendants at any point in time.

42. Plaintiff did **not** give Defendants prior express invitation or consent in writing for Defendant to message Plaintiff's Cell for marketing or solicitation purposes.

43. Upon information and belief, Defendants did not make the telephone solicitations in error.

44. On multiple occasions, Plaintiff repeatedly requested that Defendants stop transmitting unsolicited telemarketing text messages to his Cell.

45. Despite these requests, Defendants continued to transmit unsolicited text messages to Plaintiff over and over again.

46. Specifically, Plaintiff replied to the initial text message with a reply of "Opt Out."

47. Instead of receiving a confirmation acknowledging this request, Plaintiff received a reply that read, "We'd be happy to answer questions about our community. Please reply START to receive text messages from Providence at Champions."

48. Because this was ineffective, Plaintiff texted the reply word "Revoke."

49. Shortly thereafter, Plaintiff received the same repeated telemarketing text message.

50. This time, Plaintiff tried "Unsubscribe."

51. Once again, Plaintiff's plea was ignored.

52. This time, Plaintiff tried "Quit."

53. Once again, Defendants sent yet another telemarketing text message.

54. Plaintiff tried "Quit" again.

55. And Defendants ignored this request.

56. Next, Plaintiff tried "End."

57. Yet again, Defendants ingored.

58. Then, Plaintiff texted "Cancel" and "Revoke"

59. This does not end the harassment.

60. Plaintiff then responded "STOP."

61. Once again, this did not end the harassment.

62. Unfortunately, Defendants still have not stopped transmitting telemarketing text messages.

63. Defendants left Plaintiff with no choice but to file this lawsuit to prevent further harassment.

64. By way of example only, Plaintiff responded "REVOKE" and "STOP" to several text messages as follows:

– **INTENTIONALLY LEFT BLANK** –



65.

66. Upon information and belief, Defendants do not maintain a written policy, available upon demand, for maintaining a do-not-call list, as required by 47 C.F.R. § 64.1200(d)(1).

67. Upon information and belief, Defendants do not train their employees or agents who are engaged in telemarketing on the existence and use of any do-not-call list, as required by 47 C.F.R § 64.1200(d)(2).

68. Defendants failed to place Plaintiff on the do-not-call list, despite his repeated requests to not be contacted.

69. Instead, Defendants continued to transmit text messages to Plaintiff's Cell, in violation of 47 C.F.R § 64.1200(d)(3).

70. By its actions, Defendants also violated 47 C.F.R § 64.1200(d)(6).

71. Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendants' unlawful acts, and are likely to be redressed by a favorable judicial decision.

72. Among other harms caused by the unlawful telemarketing text messages at issue, receiving the unwanted telemarketing resembles the kind of harm associated with intrusion upon seclusion.

73. Plaintiff's Prayer for Relief herein includes a request for damages for Defendant's unlawful telephone solicitations, as authorized by statute. *See* 47 U.S.C. § 227(c)(5).

74. These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and members of the Class defined below.

## **CLASS ACTION ALLEGATIONS**

75. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following classes:

**DNC Class**

All persons within the United States (1) registered on the National Do Not Call Registry for at least 31 days, (2) who received more than one telephone solicitation (3) made by or on behalf of Defendant, (4) for the purpose of promoting Defendant's goods or services, (5) within any twelve-month period, (6) within the four years prior to the filing of the Complaint.

**Internal DNC Class**

All persons within the United States (1) who received a telephone solicitation call, (2) made by or on behalf of Defendant, (3) after a request from such person for Defendant to not make calls to their cellular telephone, (4) within four years prior to the filing of the complaint.

76. Plaintiff reserves the right to modify the definitions of the Classes as warranted as facts are learned in further investigation and discovery.

77. Defendants, and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

78. Plaintiff and members of the Classes were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose cellular telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the Class members were damaged thereby.

79. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

80. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records.

81. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether Defendants maintain an "internal" Do-Not-Call list;

    b. Whether, within the four years prior to the filing of this Complaint, Defendants or its agents placed more than one telephone solicitation to the members of the Class who requested that they stop contacting them;

    d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    e. Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

82. As a person who received numerous telephone solicitations from Defendants after requesting that such conduct cease, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

83. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the

size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

84. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

85. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

86. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### COUNT I
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227, *ET SEQ*.
### (On Behalf of Plaintiff and the Do Not Call List Class)

87. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

88. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

89. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

90. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

91. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

92. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including implementing regulation 47 C.F.R. § 65.1200(c).

93. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the National Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

94. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and members of the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

15

95. As a result of Defendants' negligent violations of 47 U.S.C. §§ 227, et seq., Plaintiff and each member of the Do Not Call List Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

96. Plaintiff and the Do Not Call List Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227, *ET SEQ*.
### (On Behalf of Plaintiff and the Do Not Call List Class)

97. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

98. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA's implementing regulation 47 C.F.R. § 65.1200(c).

99. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §§ 227, et seq., Plaintiff and each member of the Do Not Call List Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

100. Plaintiff and the Do Not Call List Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227, *ET SEQ*.
### (On Behalf of Plaintiff and the Internal Do Not Call List Class)

101. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

102. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said

16

regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

103. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do- not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.
> 47 C.F.R. § 64.1200(d)(3), (6)

104. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wires telephone numbers.

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.
>
> 47 C.F.R. § 64.1200(e)

17

105. Plaintiff and Class members made requests to Defendants not to receive telemarketing text messages transmitted from Defendant.

106. Defendants failed to honor Plaintiff and the Class members' requests not to receive telemarketing text messages transmitted from Defendants.

107. Upon information and belief, Defendants have not instituted procedures for maintaining a list of persons, including but not limited to Plaintiff, who requested not to receive telemarketing text messages transmitted by Defendants or on their behalf, pursuant to 47 C.F.R. § 64.1200(d).

108. Because Plaintiff and the Class members received more than one text message in a 12- month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200(d), as described above, Defendants violated 47 U.S.C. § 227(c)(5).

109. As a result of Defendants' violations of 47 U.S.C. § 227(c)(5), Plaintiff and each member of the Internal Do Not Call List Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

110. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting Defendants' illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5)

## FOURTH COUNT
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227, ET SEQ.
### (On Behalf of Plaintiff and the Internal Do Not Call List Class)

111. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

112. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA's implementing regulation 47 C.F.R. § 65.1200(c).

113. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, et seq., Plaintiff and each member of the Internal Do Not Call List Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

114. Plaintiff and the Internal Do Not Call Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class members, respectfully pray for the following relief:

a. On the First Count and as a result of Defendants' negligent violations of the TCPA's implementing regulations, Plaintiff seeks for himself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; (vi) any other relief the Court may deem just and proper;

b. On the Second Count and as a result of Defendants' knowing and/or willful violations of the TCPA's implementing regulations, Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees

pursuant to, inter alia, the common fund doctrine; and (vi) any other relief the Court may deem just and proper;

  c. On the Third Count and as a result of Defendants' negligent violations of the TCPA's implementing regulations, Plaintiff seeks for himself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; (vi) any other relief the Court may deem just and proper;

  d. On the Sixth Count and as a result of Defendants' knowing and/or willful violations of the TCPA's implementing regulations, Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; and (vi) any other relief the Court may deem just and proper;

  e. Post-judgment interest as allowed by applicable law; and

  f. Any other further relief that the Court may deem just and proper.

Dated: November 12, 2024

         **KAZEROUNI LAW GROUP, A.P.C.**

      By: */s/ Abbas Kazerounian.*
         Abbas Kazerounian, Esq.
         (TX SBN: 24090982)
         **KAZEROUNI LAW GROUP, APC**
         245 Fischer Ave., Unit D1
         Costa Mesa, CA 92626
         Telephone: (800) 400-6808
         Facsimile: (800) 520-5523
         ak@kazlg.com

         *Attorneys for Plaintiff*